Scott M. Lesowitz (CA Bar No. 261759)
    scott@lawbylg.com
LESOWITZ GEBELIN LLP
4275 Executive Sq, Ste 200
La Jolla, California 92037
Telephone: (310) 341-3076
Facsimile:  (310) 341-3070
Attorneys for Plaintiffs George Jackson and
Thibodo Court, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

GEORGE JACKSON, as an individual and as a trustee of the TG The Gym Business Trust, and THIBODO COURT, LLC, individually and as a beneficiary of the TG The Gym Business Trust,

Plaintiffs,

vs.

MARK LYONS, an individual, JACOB LEWIS, an individual, MINGZHU "DANIEL" YU, an individual, ZICHENG "STEVE" ZHOU, an individual, and JESSE MADRIGAL, an individual,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **'26 CV 2883 LL    MMP**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs George Jackson ("Plaintiff" or "Jackson") as an individual and as a trustee of the TG The Gym Business Trust (the "Trust"), and Thibodo Court LLC, individually and as a beneficiary of the TG The Gym Business Trust, by and through their attorneys, and for a complaint against the Defendants Mark Lyons ("Lyons"), Jacob Lewis ("Lewis"), Mingzhu "Daniel" Yu ("Yu"), Zicheng "Steve" Zhou ("Zhou"), and Jesse Madrigal ("Madrigal"), hereby allege as follows:

## NATURE OF THE CASE

1.      Plaintiffs and/or the Trust own the rights to certain trademarks related to the operation of fitness clubs registered with the United States Patent and Trademark Office ("USPTO"). Lyons and Lewis have entered into unauthorized and invalid licensing agreements for the use of these trademarks. One of these unauthorized and invalid licensing agreements is with Madrigal and another is with Yu and Zhou.

2.      Lyons and Lewis have refused to provide Plaintiffs an accounting regarding these unauthorized licensing agreements. Furthermore, Defendants have refused to provide Plaintiffs or the Trust any revenues or profits generated from the unauthorized licensing agreements.

3.      Therefore, Plaintiffs bring this lawsuit and request the Court to declare void and unenforceable these unauthorized licensing agreements and to bar Lyons and Lewis from entering into any unauthorized licensing agreements in the future. Plaintiffs are also suing for damages and seek an award of attorney's fees and costs.

## THE PARTIES

4.      Plaintiff George Jackson is an individual who resides in San Diego County, California. Jackson is a founder and trustee of the Trust, which is a California business trust (of the type known as a Massachusetts trust). A copy of the operative Declaration of Trust for the Trust is attached hereto as Exhibit 1 (the "Declaration of Trust"). A copy of meeting minutes dated February 5, 2024 (the "Meeting Minutes") is attached hereto as Exhibit 2.

5.     Plaintiff Thibodo Court LLC is a California limited liability company. Plaintiff George Jackson is a member of Thibodo Court LLC. Thibodo Court LLC is a shareholder of the Trust. The Declaration of Trust for the Trust states, "Trustees declare that all property, income, and profit now held or acquired after the effective date of this agreement shall be controlled by them for the benefit of such person, or entity, as may from time to time be owners of certificates of shares having beneficial interests in this trust estate, in a way which is set forth in this instrument and any amendments to this instrument."

6.     Defendant Mark Lyons is an individual who, on information and belief, lives in San Bernardino County, California. Lyons is a trustee of the Trust.

7.     Defendant Jacob Lewis is an individual, who on information and belief, lives in San Bernardino County, California. Lewis has acted as an agent, partner, and co-venturer of Lyons in negotiating, executing, and promoting the unauthorized licensing agreements described herein.

8.     Defendant Zicheng Zhou is an individual who resides in San Diego, California.

9.     Defendant Mingzhu Yu is an individual who, on information and belief, resides in San Diego County, California.

10.    Defendant Jesse Madrigal is an individual residing in the State of California.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367, as well as 15 U.S.C. § 1121, as all claims regard and are related to federally registered trademarks, and Plaintiffs bring causes of action under the federal Lanham Act. The Court has original jurisdiction over the federal Lanham Act claims and supplemental jurisdiction over the state law claims.

Complaint: Jackson et al. v. Lyons et al.

12.     This Court has personal jurisdiction over the Defendants, as they reside within California, and the acts giving rise to Plaintiffs' claims were committed within California and directed at Plaintiffs, who are California residents.

13.     This district is a proper venue pursuant to 28 U.S.C. § 1391 because at least one defendant resides in this district, and separately, a substantial part of the events and omissions giving rise to the claim occurred in this district. This includes that Lyons and Lewis entered into unauthorized agreements for the use of the trademarks at issue in San Diego County, California.

## FACTUAL BACKGROUND

### Background on TG The Gym and the Trademarks

14.     Plaintiff George Jackson previously served as the CFO of Gold's Gym, a major chain of workout clubs. Jackson also previously owned and operated multiple Gold's Gym locations. Jackson has years of experience promoting bodybuilding contests, including the Mr. Olympia competition. Jackson is a CPA.

15.     In 1986, Jackson along with non-party Richard "Rick" Stephenson opened what is now the original TG The Gym ("TG") fitness club, located at 2949 Garnet Avenue, San Diego, California 92109. This remains the flagship TG location.

16.     Throughout the years, Jackson has opened additional TG locations in San Diego County. These additional clubs are in Vista (opened in 2003), Chula Vista (opened in 2020), and El Cajon (opened in 2024). Jackson has also opened TG locations in Mesa, Arizona in 2021, and Phoenix, Arizona in 2023. All these locations remain in operation. All these clubs operate under the name "TG The Gym" and the logo ⑤ (the "TG Logo").  This name and logo are featured prominently in marketing and advertising efforts and are well known to the TG club members and the gym-going public in the relevant markets.

17.     Jackson has invested heavily in each of these TG locations to ensure high-quality customer experience. He and his partners have spent significant amounts of money over the years on marketing and building brand awareness.

Complaint: Jackson et al. v. Lyons et al.

18.     Jackson is also in escrow to purchase a building in Los Angeles County and is opening a TG location there in or about June 2026. Jackson is looking to open additional TG locations in San Diego County and one or more locations in Orange County. Jackson also plans to open a TG location in the Salt Lake City area by 2027.

19.     Like other fitness clubs, TG relies primarily on members who pay a monthly fee to belong to TG, and for that monthly fee, they can workout at TG an unlimited number of times per month. Maintaining a positive reputation of all TG locations and a high and consistent customer experience at all TG locations is crucial for attracting new club members and maintaining existing club members.

20.     On August 27, 2018, Jackson applied to the USPTO for a trademark in the words "TG The Gym" (the "TG Name"). On December 3, 2019, the USPTO granted the application and registered the trademark under registration number 5927911. A copy of the registration is attached as Exhibit 3. On January 5, 2021, the USPTO granted another registration for the TG Name in additional goods and services types under registration number 6240299. A copy of the registration is attached as Exhibit 4.

21.     On October 15, 2018, Jackson applied to the USPTO for a trademark in the TG Logo. On December 3, 2019, the USPTO granted the application and registered the trademark under registration number 5928246. A copy of the registration is attached as Exhibit 5 On January 5, 2021, the USPTO granted an application to expand the goods and services for the trademark under registration number 6240276. A copy of the registration is attached as Exhibit 6.

22.     Jackson signed documents regarding certain purported transfers of aspects of the TG Name and TG Logo trademarks to the Trust. However, due to certain legal defenses, parol evidence, other legal and factual arguments, and Defendants' conduct, Jackson may challenge the validity of these purported assignments as well as void them. Regardless, even if the transfers are valid, per the Declaration of Trust and the Meeting Minutes, Defendants' purported licensing agreements attacked herein are still invalid and were entered into without requisite authority or approval.

**Background on the Trust and the Restrictions on Licensing**

23.    In or about October 2021, Jackson and Lyons created the Trust. They were and are the two trustees of the Trust.

24.    In 2022, the 100 shares of the Trust were divided among Thibodo Court LLC (25 shares), non-party Richard Stephenson (25 shares), and Lyons Property Management Company, Inc. (50 shares).

25.    Per the Declaration of Trust and the Meeting Minutes, Lyons and Lewis are prohibited from licensing the "TG The Gym" name without the permission of Jackson, and certainly not without the permission of either Jackson or Stephenson. And Plaintiffs and Stephenson have never granted such permission.

26.    Jackson's TG fitness clubs are run separately and independently of Lyons and Lewis's fitness clubs, and there has been no revenue or profit-sharing.

**Defendants Enter into Unauthorized Licensing Agreements**

27.    Without the approval of Plaintiffs or Stephenson, Lyons and Lewis entered into licensing agreements purportedly on behalf of the Trust with third parties purporting to license use of the Trademarks, including the TG Name and the TG Logo. Neither Lyons nor Lewis had the authorization or authority to enter into these licensing agreements on behalf of the Trust.

28.    One such invalid and unauthorized licensing agreement is with Yu and Zhou. A copy of that licensing agreement is attached as Exhibit 7. This agreement purported to provide Yu the rights to use these trademarks for a fitness club located at 11985 Bernardo Plaza Dr, San Diego, California 92128, in the Rancho Bernardo area of San Diego.

29.    Another such invalid and unauthorized licensing agreement was with Madrigal. On or about March 18, 2026, Madrigal came to the TG location in El Cajon. Madrigal said that he was a licensee of TG and was opening a TG location in Los Angeles. Madrigal showed TG manager Mark Black a purported licensing agreement for the TG Name and TG Logo.

Complaint: Jackson et al. v. Lyons et al.

30.    MADRIGAL's publicly available Instagram page states that he is an "Owner of @tgthegym LA OPENING 2026."

31.    Prior to Lewis executing the purported licensing agreement with Yu and Zhou, Jackson had heard from a friend that Lyons and Lewis were going to license the use of the TG Name and TG Logo for a fitness club in the Rancho Bernardo area of San Diego to Yu and Zhou and for a fitness club in the Los Angeles area to Madrigal. In response, on February 25, 2026, Jackson texted Lewis, "Can you please talk to Jesse, we are going into escrow on the building in Huntington Park.  He just sent me a IG message saying he is the owner of TG Los Angeles.  Did you already receive money from him?  Thanks for the update. ¶ Did you sign a license agreement with someone for Rancho Bernardo? Daniel [Yu]? Please tell me you have not? We are in negotiations to open a new TG two miles from Bernardo Plaza."

32.    Also on February 25, 2026, Jackson emailed Lyons and Lewis, "Please do not license any territories in the San Diego marketplace. We have plans to purchase buildings in our area for the next 10 years to control this market and can not have any other people come in with TG locations in San Diego. The same goes for the state of Arizona, we have two locations and plan many more in the future.  We would never consider putting gyms in your area, hopefully you understand."

33.    Also on February 25, 2026, Jackson texted Yu, "We ow the trademark [to TG The Gym] and you do not have any rights to explore any locations in San Diego."

34.    A TG website that Lyons and Lewis operate, https://the-gym.com, lists TG locations in, among other places, Ontario, CA, and coming soon to Rancho Bernardo, CA, and Salt Lake City. In fact, none of these locations are authorized or duly licensed to use the TG Name or the TG Logo. Therefore, on information and belief, Lyons and Lewis have entered into other unauthorized and invalid licensing agreements (whether individually or purportedly on behalf of the Trust) to use the TG Name and the TG Logo with other third parties besides Madrigal, Yu, and Zhou. This website listing these unauthorized fitness clubs includes a page that uses the TG Name, the TG Logo, and

even Jackson's name and personal backstory to promote the unauthorized fitness clubs. Jackson never provided Defendants with his permission to use his name, likeness, or back-story in this manner.

35.     Another website that Lyons and Lewis operate, https://thegymlicensing.com, actively solicits people to license TG The Gym locations. This website prominently features the TG Name and the TG Logo. In one point in the webpage, it states, "Licensing gives you more freedom than a franchise. You keep full ownership and control of your gym while using our proven brand, marketing, and systems to grow faster. No royalty fees, no micromanagement." This webpage also includes a video featuring Lewis in which he solicits licensees for TG locations.

36.     At another webpage Defendants operate, https://rancho.the-gym.com/, they are selling memberships to the unauthorized TG location in the Rancho Bernardo area that Yu and Zhou are in the midst of opening.

37.     Lewis's LinkedIn page states, "Co-Founder at TG The GymWe [sic] are here to take back the industry! Licensing world wide!" The claim that he is a co-founder of TG is false.

38.     On or about April 7, 2026, Jackson, along with Richard Stephenson, met with Lyons and Lewis. During the meeting, Lyons and Lewis admitted to entering into licensing agreements for the TG Name and TG Logo, including with Madrigal for a fitness club in Los Angeles County and with Yu for a fitness club in the Rancho Bernardo area of San Diego. When Jackson and Stephenson requested that Lyons and Lewis terminate these unauthorized licensing agreements, Lyons and Lewis refused. Lyons and Lewis said they could enter into licensing agreements wherever they want without Jackson and Stephenson's approval, despite that being clearly contrary to the Declaration of Trust and Meeting Minutes.

39.     Throughout March and April 2026, Plaintiffs demanded that Lyons and Lewis provide Plaintiffs with copies of any licensing agreements they entered and with information regarding how much they are charging for the licenses. Plaintiffs also

demanded that they pay them and the Trust any share to which they are entitled. Lyons and Lewis have refused to provide this information or to pay Plaintiffs or the Trust anything.

40.    The unauthorized licensing and marketing efforts are already irreparably harming Plaintiffs, and the value of the TG Name and TG Logo will be further harmed and diluted if any unauthorized licensing fitness clubs open and operate. Jackson and his partners have spent significant time and money over multiple years building a positive reputation for the TG Name and the TG Logo among its gym members and the public. In contrast, Madrigal, Yu, and Zhou have no gym ownership experience and do not have sufficient capital to successfully operate a TG location, especially one of the same high quality as the legitimate TG locations. The gym-going public and TG's club members will be confused into incorrectly believing that any unauthorized licensees are operating clubs that are part of the same chain. Similarly, they will incorrectly believe that the unauthorized TG locations are under the same ownership and management and have the same quality control as Jackson's TG clubs. The public will also incorrectly believe that a membership in either the legitimate TG clubs or the illegitimate TG clubs will entitle them to use all the clubs.

41.    Plaintiffs will further suffer severe and irreparable harm from Defendants' actions (assuming the Court does not stop these actions) because Defendants and their co-conspirators have recently opened—or plan to open soon—unauthorized fitness clubs in San Diego County, California, Los Angeles County, California, Riverside County, California, and the Salt Lake City, Utah, area using the TG Name and TG Logo. These unauthorized fitness centers will directly compete with Plaintiffs' existing and planned fitness clubs in San Diego County, Los Angeles County, Maricopa County, and the Salt Lake City area.

42.    For example, TG members in San Diego County frequently ask what is going on with the TG location opening in Rancho Bernardo and why this is happening. They assume that the Rancho Bernardo club is part of Plaintiffs' chain of TG locations.

This is an example of how Defendants are confusing the public and damaging the TG Name by actively advertising and promoting the unauthorized TG The Gym in Rancho Bernardo.

43.    Defendants knew at all relevant times that Lyons and Lewis did not have the requisite authority required pursuant to the Declaration of Trust and the Meeting Minutes to execute any of the licensing agreements related to the TG Name and TG Logo that are alleged herein, whether individually or on behalf of the Trust. Defendants all knowingly violated those agreements.

### FIRST CAUSE OF ACTION

### (Trademark Infringement of Registered Marks under 15 U.S.C. § 1114 by all Plaintiffs against All Defendants)

44.    Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

45.    Plaintiffs, whether individually or as a trustee of the Trust, have an ownership interest in the federally registered trademarks to the TG Name and the TG Logo.

46.    The TG Name and the TG Logo are valid, protectable trademarks that are registered with the USPTO.

47.    Defendants have used the TG Name and the TG Logo in interstate commerce without the necessary consent of Plaintiffs in a manner that is likely to cause mistake and confusion among ordinary consumers as to the source, sponsorship, affiliation, and approval of goods and services. Defendants willfully, knowingly, and intentionally engaged in their acts of infringement of the trademark to the TG Name and the TG Logo.

48.    Plaintiffs will suffer irreparable harm if the Court does not order Defendants to stop all infringing conduct and does not declare any licensing agreements regarding the TG Name and TG Logo void and unenforceable. This includes Plaintiffs suffering loss of control over reputation and goodwill.

49.     Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116(a), which provides that upon a finding that Plaintiffs are likely to succeed on the merits, Plaintiffs are entitled to a rebuttable presumption of irreparable harm. And Plaintiffs are entitled to recover Lyons and Lewis's profits derived from the infringement (even if derived purportedly on behalf of the Trust), Plaintiffs' actual damages, enhanced damages for willful infringement up to three times actual damages, costs, and reasonable attorney's fees in this exceptional case, all pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

**(False Designation and Unfair Competition under 15 U.S.C. § 1125(a) by all Plaintiffs against All Defendants)**

50.     Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

51.     Plaintiffs, whether individually or as a trustee of the Trust, have an ownership interest in the federally registered trademarks to the TG Name and TG Logo.

52.     The TG Name and TG Logo are valid, protectable trademarks that are registered with the USPTO.

53.     Defendants have, without the necessary consent of Plaintiffs, used the TG Name and TG Logo in interstate commerce in connection with, and as part of, false designations of origin of goods and services, and false and misleading designations of fact, all in a manner that is likely to cause mistake and confusion and to deceive as to the affiliation, connection, and association of Plaintiffs and others thereby, and as to their origin, sponsorship, and approval of Defendants' goods and services as well as their licensees. Defendants have also entered into unauthorized purported contracts for licensees to engage in such behavior. Defendants willfully, knowingly, and intentionally engaged in all such acts of infringement.

54.      Defendants have, without the necessary consent of Plaintiffs, used the TG Name and TG Logo in commercial advertising and promotion in a manner that misrepresents the nature, characteristics, qualities, and geographic origin of their and

their licensee's goods, services, and commercial activities and in a manner that will cause consumer mistake and confusion.

55.    Plaintiffs will suffer irreparable harm if the Court does not order Defendants to stop all infringing conduct and declare any licensing agreements regarding the TG Name and TG Logo void and unenforceable, including loss of control over reputation and goodwill.

56.    Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116(a), which provides that upon a finding that Plaintiffs are likely to succeed on the merits, Plaintiffs are entitled to a rebuttable presumption of irreparable harm. And Plaintiffs are entitled to recover Lyons and Lewis's profits derived from the infringement (even if derived purportedly on behalf of the Trust), Plaintiffs' actual damages, enhanced damages for willful infringement up to three times actual damages, costs, and reasonable attorney's fees in this exceptional case, all pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION

### (Contributory Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) by All Plaintiffs against Defendants Mark Lyons and Jacob Lewis)

57.    Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

58.    As set forth above, Madrigal, Zhou, Yu, and others who entered into purported licensing agreements (collectively, "the Infringing Licensees") have directly infringed and are continuing to infringe the federally registered TG Name trademark and the federally registered TG Logo trademark by using those marks in commerce without valid authorization, in a manner likely to cause consumer confusion as to the source, sponsorship, and approval of their goods and services.

59.    Lyons and Lewis intentionally induced the Infringing Licensees to infringe the TG Name and TG Logo trademarks by affirmatively soliciting, negotiating, and entering into purported licensing agreements (whether in their names or purportedly in the name of the Trust) that purported to grant the Infringing Licensees the right to use

those marks in commerce. Lyons and Lewis actively recruited the Infringing Licensees, falsely held themselves out as having authority to license the marks, and provided the Infringing Licensees with the purported contractual basis upon which they are now using the marks.

60.    Additionally, at all relevant times, Lyons and Lewis knew or had reason to know that the Infringing Licensees were engaging in trademark infringement. Because the purported licenses were void for lack of the required authorization, any use of the TG Name or TG Logo by the Infringing Licensees pursuant to those licenses was necessarily infringing. Despite this knowledge, Lyons and Lewis continued to supply the Infringing Licensees with purported authorization, licensing materials, and support for their infringing use of the marks. Lyons and Lewis's contributory infringement was willful, knowing, and intentional.

61.    Furthermore, Lyons induced, encouraged, aided, and abetted Lewis to execute unauthorized licensing agreements purportedly on behalf of the Trust, including the one with Yu and Zhou and personally profits therefrom.

62.    As a direct and proximate result of Lyons and Lewis's contributory trademark infringement, Plaintiffs have suffered and continue to suffer irreparable harm, including loss of control over the TG Name and TG Logo, damage to the goodwill and reputation associated with those marks, and the risk of abandonment of the marks through uncontrolled licensing. As with all Lanham Act causes of action, Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116(a), which provides that upon a finding that Plaintiffs are likely to succeed on the merits, Plaintiffs are entitled to a rebuttable presumption of irreparable harm.

63.    As with the other Lanham Act causes of action, Plaintiffs are further entitled to recover Lyons and Lewis's profits derived from the contributory infringement (even if derived purportedly on behalf of the Trust), Plaintiffs' actual damages, enhanced damages for willful infringement up to three times actual damages, costs, and reasonable attorney's fees in this exceptional case, all pursuant to 15 U.S.C. § 1117(a).

Complaint: Jackson et al. v. Lyons et al.

## FOURTH CAUSE OF ACTION

**(Vicarious Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) by All Plaintiffs against Defendants Mark Lyons and Jacob Lewis)**

64.    Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

65.    As set forth above, the Infringing Licensees have directly infringed and are continuing to infringe the federally registered TG Name trademark and the federally registered TG Logo trademark by using those marks in commerce without valid authorization in a manner likely to cause consumer confusion. Lyons and Lewis possess abilities to control and stop the Infringing Licensees' use of the TG Name and TG Logo.

66.    Furthermore, Lyons has the authority, ability, and power to control and stop Lewis's infringing behavior and unauthorized actions purportedly taken on behalf of the Trust. Instead, Lyons has encouraged, aided, and abetted this wrongful behavior.

67.    Lyons and Lewis have a direct financial interest in the Infringing Licensees' use of the TG Name and TG Logo, as they receive income from the licensees.

68.    Lyons and Lewis's vicarious infringement was willful, knowing, and intentional. They structured the licensing program to personally profit from each unauthorized license while exercising ongoing control over the terms and manner of the Infringing Licensees' use of the marks, all while knowing that no valid authorization for such licensing existed.

69.    As a direct and proximate result of Lyons and Lewis's vicarious trademark infringement, Plaintiffs have suffered and continue to suffer irreparable harm, including loss of control over the TG Name and TG Logo, damage to the goodwill and reputation of those marks, and monetary damages in an amount to be proven at trial. As with all Lanham Act causes of action, Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116(a), including the benefit of the rebuttable presumption of irreparable harm upon a showing of likelihood of success on the merits.

Complaint: Jackson et al. v. Lyons et al.

70.    As with all Lanham Act causes of action, Plaintiffs are further entitled to recover Lyons and Lewis's profits derived from the vicarious infringement (even if derived purportedly on behalf of the Trust), Plaintiffs' actual damages, enhanced damages for willful infringement up to three times actual damages, costs, and reasonable attorney's fees in this exceptional case, all pursuant to 15 U.S.C. § 1117(a).

## FIFTH CAUSE OF ACTION

### (Breach of Trust and Fiduciary Duty by all Plaintiffs against Defendant Mark Lyons)

71.    Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

72.    Defendant Mark Lyons is a trustee of the Trust. He thereby owes Plaintiffs fiduciary duties and duties of trust.

73.    Lyons breached his fiduciary duties and duties of trust to Plaintiffs by, among other things, in violation of the Declaration of Trust and the Meeting Minutes, causing the unauthorized and invalid licensing agreements with others for use of the TG Name and TG Logo without the required knowledge and consent of Plaintiffs or non-party Richard Stephenson. Furthermore, Lyons has unjustly and wrongly refused to provide Plaintiffs with requisite information regarding such purported licensing agreements and has refused to provide Plaintiffs with their share of revenues and profits. Lyons has thus acted in a manner that exceeds his authority in a wrongful and abusive manner that has damaged Plaintiffs and that will continue to irreparably injure Plaintiffs unless the behavior stops and is reversed.

## SIXTH CAUSE OF ACTION

### (Breach of the Declaration of Trust by Plaintiff George Jackson against Defendant Mark Lyons)

74.    Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

75.     Plaintiff George Jackson and Defendant Mark Lyons entered into the Declaration of Trust, which is a binding contract.

76.     Jackson did all the things that the Declaration of Trust requires of him.

77.     Lyons did things that the Declaration of Trust prohibited, including by causing licensing agreements for use of the TG Name to be executed without the requisite approval or authority and by not distributing any revenues thereby as required.

78.     Lyons' breach of contract caused Jackson harm.

## SEVENTH CAUSE OF ACTION

**(Breach of the Meeting Minutes by Plaintiff George Jackson against Defendants Mark Lyons and Jacob Lewis)**

79.     Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

80.     Plaintiff George Jackson and Defendants Mark Lyons and Jacob Lewis are all parties to the Meeting Minutes.

81.     Jackson did all the things that the Meeting Minutes require of him.

82.     Lyons and Lewis did things that the Meeting Minutes prohibited, including by causing licensing agreements for use of the TG Name to be executed without the requisite approval or authority and by not distributing any revenues thereby as required.

83.     Lyons and Lewis's breach of contract caused Jackson harm.

## EIGHTH  CAUSE OF ACTION

**(Unfair Competition under California Business and Professions Code § 17200, et seq. by All Plaintiffs against all Defendants)**

84.     Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

85.     Defendants engaged in unlawful, unfair, and fraudulent business acts and practices as alleged above.

86.     Plaintiffs will suffer irreparable harm if the Court does not order Defendants to stop and reverse all unfair and illegal conduct alleged herein and does not

declare any licensing agreements regarding the TG Name and TG Logo void and unenforceable.

87.    Plaintiffs seek full restitution and all other available equitable relief, including attorneys' fees and injunctive relief.

## NINTH CAUSE OF ACTION

### (Accounting by All Plaintiffs against Mark Lyons and Jacob Lewis)

88.    Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

89.    Jackson, as a co-trustee of the Trust, and Thibodo Court LLC as a 25% shareholder in the Trust, are entitled to a full and complete accounting from Lyons, the other trustee of the Trust, of all property, income, revenues, and expenditures of the Trust. The Declaration of Trust expressly requires trustees to prepare a written annual report showing operations, receipts, disbursements, earnings, and the assets and conditions of the Trust estate. Lyons has failed to provide any such accounting.

90.    Defendants Lyons and Lewis have received revenues and profits from unauthorized licensing agreements purporting to license use of the TG Name and TG Logo as alleged herein.

91.    Despite repeated demands by Plaintiffs throughout March and April 2026, Defendants have refused to provide Plaintiffs or the Trust with any accounting of: (a) the identity of all parties with whom Defendants have (directly or indirectly) entered into licensing agreements; (b) the terms and conditions of each such licensing agreement, including the licensing fees charged; (c) the amounts collected under each such agreement; (d) the current status of each such agreement; and (e) the disposition of all revenues and profits collected therefrom. This refusal is in direct violation of Resolution 7 of the Meeting Minutes, which expressly requires that all parties have access to all licensing agreements.

92.    Plaintiffs have no adequate remedy at law for Defendants' refusal to account because the full scope of the unauthorized licensing activity and the revenues generated

therefrom are within the exclusive knowledge and possession of Defendants. Plaintiffs are therefore entitled to a court-ordered accounting of all revenues, profits, licensing fees, and other consideration received by Defendants from any and all licensing agreements purporting to authorize use of the TG Name and/or TG Logo, from the date of the first such agreement through the present, and a judgment requiring Defendants to disgorge all such revenues to which Plaintiffs and the Trust are entitled.

## TENTH CAUSE OF ACTION

### (Declaratory Judgment by All Plaintiffs against All Defendants)

93.    Plaintiffs hereby re-allege, as if fully set forth herein, all allegations of this Complaint.

94.    An actual and justiciable controversy exists between Plaintiffs and Defendants regarding: (a) whether the licensing agreements entered into by Lyons and Lewis (whether in their own names, purportedly in the name of the Trust, or under some other name) purporting to authorize use of the TG Name and TG Logo are valid and enforceable; (b) whether Lyons and Lewis possessed the authority to enter into such licensing agreements (whether on behalf of themselves, the Trust, or any other entity) without the knowledge and consent of Plaintiffs; and (c) the scope of Defendants' authority, if any, to enter into such licensing agreements for the TG Name or TG Logo in the future.

95.    The Declaration of Trust and The Meeting Minutes confirm that Jackson must consent to any licensing agreement regarding the TG Name or TG Logo (even if these trademarks had been validly transferred to the Trust). Jackson did not consent to any of the licensing agreements described in this Complaint, and no such agreement was submitted to him for approval. The same is true for Richard Stephenson.

96.    Because Lyons and Lewis caused each of the licensing agreements described herein to be executed without the required consent, each such licensing agreements are void ab initio and wholly unenforceable as against Plaintiffs and the Trust and provide no rights or benefits to the purported licensees. Madrigal, Yu, Zhou,

and any other purported licensee obtained no valid rights to use the TG Name or TG Logo and cannot rely upon any purported license as authority for such use.

97.    Plaintiffs seek a declaration from this Court that: (a) all licensing agreements entered into by Lyons or Lewis (even if on behalf of the Trust or another entity) purporting to authorize use of the TG Name and/or TG Logo without the prior written consent of Jackson are void and unenforceable; (b) Madrigal, Yu, Zhou, and any other party claiming a license to use the TG Name or TG Logo under any such agreement have no valid right to use those marks; and (c) Lyons and Lewis are prohibited from entering into any future licensing agreement (including on behalf of the Trust) purporting to authorize use of the TG Name or TG Logo without the express prior written consent of Jackson.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  General damages in an amount according to proof but no less than $2,000,000;

2.  Special damages in an amount according to proof but no less than $2,000,000;

3.  Punitive damages;

4.  Treble damages pursuant to 15 U.S.C. § 1117(a);

5.  Disgorgement of Defendants' profits;

6.  Interest in an amount according to proof;

7.  Attorneys' fees and costs of suit incurred herein under all applicable legal authority including 15 U.S. Code § 1117 and California Business and Professions Code §17200, et seq., and under the attorney's fees provision of the Declaration of Trust;

8.  A preliminary injunction, and then a permanent injunction, barring Defendants, whether directly or through any officer, director, member, manager, employee, agent, representative, attorney, licensee, sublicensee, company, successor, assign, partner, co-venturer, or any other person or entity acting in concert or participation with them or under their direction or control, from: (i) entering into (including on

behalf of the Trust or any other person or entity), performing under, enforcing, or representing the validity of any licensing agreement purporting to authorize use of the TG Name, the TG Logo, or any colorable imitation of the TG Name or TG Logo, without the written consent of Jackson; (ii) engaging in any other infringing, unlawful, or unfair conduct related to the TG Name or the TG Logo or any colorable imitation thereof; (iii) using the TG Name or TG Logo in connection with the fitness club located at 11985 Bernardo Plaza Dr, San Diego CA 92128, or in that same shopping center, and (iv) soliciting, recruiting, or accepting fees from any person or entity in connection with the use of the TG Name or TG Logo without the written consent of Jackson; such injunctive relief shall run against Defendants and each of their officers, directors, members, managers, employees, agents, attorneys, representatives, successors, assigns, affiliated entities, licensees, sublicensees, and all persons or entities acting in active concert or participation with any Defendant or under any Defendant's direction or control who receive actual notice of the injunction by personal service or otherwise;

9. Declaratory relief as requested herein, including that the Court should declare void and unenforceable all licensing agreements Defendants have entered into (including purportedly on behalf of the Trust) regarding use of the TG Name, the TG Logo, or any colorable imitation thereof, including without limitation agreements with Madrigal, Yu, and Zhou, and

10. Such further relief as the Court may deem just and proper.

Date: May 7, 2026

**LESOWITZ GEBELIN LLP**

By:    /s/ *Scott Lesowitz*

Scott M. Lesowitz
Attorneys for Plaintiffs George Jackson and
Thibodo Court, LLC

Complaint: Jackson et al. v. Lyons et al.

## <u>DEMAND FOR TRIAL BY JURY</u>

PLAINTIFFS GEORGE JACKSON and THIBODO COURT LLC Hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure and L.R. 38.1.

Date: May 7, 2026         **LESOWITZ GEBELIN LLP**

By: /s/ *Scott Lesowitz*

Scott M. Lesowitz
Attorneys for Plaintiffs George Jackson and
Thibodo Court, LLC

Complaint: Jackson et al. v. Lyons et al.